IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23 C 3048 |
| | ) | |
| DARREN BRYANT, Mayor of Vill. of Robbins, Illinois, in his individual and official capacities, and the VILLAGE OF ROBBINS, as indemnitor, | ) ) ) ) ) | Judge Joan H. Lefkow |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendants' motion to dismiss (dkt. 17) is granted. Plaintiff's First Amended Complaint (dkt. 5) is dismissed without prejudice to repleading. If plaintiff does not file an amended pleading by June 21, 2024, the court will convert the dismissal to one with prejudice. See statement.

**Statement**

Byron Redmond was the former Deputy Chief of Police of the Village of Robbins. After a video surfaced in March 2022 that depicted Redmond consuming alcohol in his office, while off-duty, with other Village administrators, defendant Mayor Darren Bryant removed Redmond from his position as Deputy Chief. (Dkt. 5 ¶¶ 12, 16, 25.) This termination occurred in May 2022. (*Id.* ¶ 8.) Redmond subsequently entered into a contractual relationship with the Village as set forth in the "Last Chance Agreement" (LCA). (Dkt. 5 ¶¶ 36–44; dkt. 5-1.) Under the terms of the LCA, Redmond was allowed to return to work as a sergeant in the police department in exchange for a release of claims. (*See* dkt. 5-1.) Specifically, the parties agreed that:

> In exchange for the consideration stated herein, except as otherwise specifically provided for herein, Employee agrees to, and does … remise, release, and forever discharge the Village and each of its employees, agents, successors, assigns, and affiliates, of and from any and all manner of action, cause, and causes of action, suits, debts, bills, specialties, covenants, contracts, sums of money, commissions, compensation, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands whatsoever, in law or in equity, which, against any of them, he has had, now has, or can, shall, or may have, directly or indirectly, whether known or unknown, for any and all claims including, but not

limited to, any and all claims of tort, breach of any alleged employment contract, policy, or practice.

(Dkt. 5-1 ¶ 5.)

Redmond signed the LCA on March 23, 2023 and returned to work. (Dkt. 5 ¶¶ 77–79; dkt. 5-1.) He then filed this section 1983 lawsuit, bringing due process and *Monell* claims alleging that defendants violated his civil rights by terminating his employment as deputy chief (Counts I, II, & III). Redmond also brings an Illinois Wage Payment and Collection Act claim seeking backpay for the ten months he was out of work between his termination and return to work under the LCA and an indemnification claim against the Village (Counts IV & V).[1] Defendants now move to dismiss.

The parties' briefs mostly argue about the extent of Bryant's removal power as mayor and whether the circumstances of Redmond's termination provide a sufficient basis for his civil rights claims. But defendants also argue that Redmond "waived any and all employment related claims against Defendants when he executed into [*sic*] the [LCA] which is attached to the Amended Complaint and is a complete bar to recovery." (Dkt. 18 at 2.) Despite admitting that the LCA "compelled Redmond to give up several of his claims against the Village, including future claims," Redmond provides no response to defendants' argument that the LCA prohibits his suit. (Dkt. 31 at 3.) Redmond has therefore waived response and thus concedes that the LCA bars his claims. *See Bradley* v. *Vill. of Univ. Park*, 59 F.4th 887, 897–98 (7th Cir. 2023) ("failing to respond to an [opponent's] arguments at all" results in waiver) (citations omitted). This waiver is fatal to Redmond's case and provides sufficient reason to grant defendants' motion.

The LCA essentially functions as a settlement agreement—Redmond agreed to give up the legal claims he may have accrued against defendants in exchange for renewed employment as a sergeant in the police department. Releases of this kind are enforceable contracts under Illinois law. *See, e.g.*, *Miller* v. *Lawrence*, 61 N.E.3d 990, 997 (Ill. App. Ct. 2016). Whether this deal represents the best or most fair outcome Redmond could have gotten is beside the point—it is the deal he made. If Redmond opts to file an amended pleading, he should bear in mind that "a court can't rewrite a release to make it objectively more reasonable: if the agreement is unambiguous, '[a] unilateral or self-induced mistake is not a valid ground for setting aside a clear and unambiguous release.'" *Engineered Abrasives, Inc.* v. *Am. Machine Prods. & Serv., Inc.*, 882 F.3d 650, 653 (7th Cir. 2018) (quoting *Rakowski* v. *Lucente*, 472 N.E.2d 791, 794 (1984)).

Date: May 31, 2024

_____
U.S. District Judge Joan H. Lefkow

---

[1] The court has federal question jurisdiction under 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 1391(b).